Associate Chief Justice Lee, dissenting:
 

 ¶ 29 The majority reverses the court of appeals and affirms the decision of the labor commission denying Rashell Quast's application for permanent total disability benefits. It does so on the ground that Quast failed to show that she has an impairment that "limit[s]" her "basic work activities" under Utah Code section 34A-2-413(1)(c)(ii). In reaching that conclusion the court applies the standard set forth in
 
 Oliver v. Utah Labor Commission
 
 ,
 
 2017 UT 39
 
 ,
 
 424 P.3d 22
 
 .
 

 ¶ 30 I wrote separately in
 
 Oliver
 
 to express my disagreement with the court's construction of the "limit" clause of the standard for establishing a permanent total disability. As I indicated in
 
 Oliver
 
 , I read the Workers' Compensation Act to invoke a legal term of art from federal (social security) disability law.
 
 2017 UT 39
 
 , ¶ 77,
 
 424 P.3d 22
 
 (Lee, A.C.J., concurring). That standard sets a low bar for proving a "limit" on "basic work activities." Instead of requiring proof of a "substantial" limit that "meaningfully impact[s] the employee's ability to do ... core tasks,"
 
 supra
 
 ¶18, the federal standard requires proof of just a "limit."
 
 2017 UT 39
 
 , ¶ 77,
 
 424 P.3d 22
 
 (Lee, A.C.J., concurring). That is the standard applied by the court of appeals in this case. I would affirm the court of appeals on this point.
 

 ¶ 31 That determination requires me to address another element of the claimant's burden for establishing a permanent total disability-proof that the worker is unable to "perform other work reasonably available." UTAH CODE § 34A-2-413(1)(c)(iv). On this element, I agree that the court of appeals and labor commission erred in "suggest[ing] that Ms. Quast's employer ... had the burden of proof on this-or any-element of a permanent total disability claim."
 
 Supra
 
 ¶26. As the majority indicates, "the employee bears the burden of proof on all elements of a permanent total disability claim."
 
 Supra
 
 ¶26. "It was thus not the employer's burden to prove, through expert testimony or otherwise, that Ms. Quast was capable of performing other reasonably available work, and it was improper to find for Ms. Quast on this element based solely on gaps or other perceived defects in testimony offered by the employer."
 
 Supra
 
 ¶26.
 

 ¶ 32 I would reverse on the basis of this error. And I would remand to allow the labor commission to decide in the first instance whether Ms. Quast carried her burden of proving that she was unable to "perform other work reasonably available."